# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **DANIEL THOMAS ROMERO,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-00396-AMA-JCB** |
| **TMD TRANSPORTATION INC., et al.,** | **District Judge Ann Marie McIff Allen** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

### BACKGROUND[1]

Pro se Plaintiff Daniel Thomas Romero ("Mr. Romero") filed this lawsuit against

Defendants TMD Transportation Inc., TMD Logistics Inc., and Amazon.com, Inc. (collectively,

"Defendants").[2] Mr. Romero alleges that he "entered into an agreement with TMD Logistics Inc.,

acting as broker for a load from [Amazon.com, Inc.]'s Kent, Washington facility to Trenton,

[N]ew [J]ersey."[3] Mr. Romero claims that he "was promised $9,000" to deliver the load and

"completed the delivery as agreed."[4] Mr. Romero asserts that after delivering the load, he was

"sent a fraudulent wire transfer confirmation, and payment was never made."[5] Mr. Romero

contends that he "later learned that TMD had defrauded approximately 50 other carriers in a

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 8.

[2] ECF No. 1.

[3] *Id*. at 3.

[4] *Id*. at 3-4.

[5] *Id*. at 4.

similar way."[6] Mr. Romero maintains that because of the "fraud and nonpayment," his "business collapsed, leading to almost homelessness, job loss, and multiple psychiatric hospitalizations over" an 18-month period.[7] Mr. Romero alleges that he "suffered financial ruin and continues to experience severe emotional and mental distress due to Defendants' actions."[8]

Based upon those scant factual allegations, Mr. Romero asserts three claims against Defendants. First, Mr. Romero asserts a claim for breach of contract against TMD Transportation Inc. and TMD Logistics Inc., which states: (1) "Defendants entered into a binding agreement with [him] for transportation services"; (2) [he] fully performed under the contract"; (3) "Defendants breached the contract by failing to pay the agreed-upon amount"; and (4) "[he] suffered financial losses and business collapse as a result."[9] Second, Mr. Romero asserts a claim for fraud against all Defendants, which states: (1) "Defendants knowingly misrepresented the legitimacy of the load and payment"; (2) "[he] reasonably relied on these false representations to his detriment"; (3) "Defendants issued a fake wire transfer, a clear act of fraud"; and (4) "[he] and many other carriers were defrauded by the same scheme."[10] Finally, Mr. Romero asserts a claim for intentional infliction of emotional distress against all Defendants, which states: (1) "Defendants' conduct was extreme, intentional, and outrageous"; (2) "Defendants knew their actions would cause serious harm"; and (3) "[he] suffered repeated mental health crises,

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

hospitalizations, and emotional breakdowns."[11] In his request for relief for those claims, Mr. Romero seeks: (1) "compensatory damages in excess of $20,000,000;" (2) "lost income and business damages" in an unspecified amount; (3) "general and special damages for emotional distress;" (4) "punitive damages in the amount of $20,000,000;" and (5) "costs, interest, and other relief as deemed just and proper."[12] Mr. Romero later filed a motion for leave to amend his complaint, in which he seeks to amend the case caption by substituting TMD Transport Inc. for TMD Transportation Inc.[13]

When Mr. Romero initiated this case, he moved to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[14] The court temporarily granted that motion.[15] Accordingly, the court reviews the sufficiency of Mr. Romero's complaint under the authority of the IFP Statute.

<strong>LEGAL STANDARDS</strong>

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[16] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[11] *Id*. at 5.

[12] *Id*.

[13] ECF No. 10.

[14] ECF No. 2.

[15] ECF No. 4.

[16] 28 U.S.C. § 1915(e)(2)(B)(ii).

12(b)(6).[17] Under that standard, the court "accept[s] as true the well[-]pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[18] In addition to accepting a plaintiff's well-pleaded facts as true, the court "view[s] them in the light most favorable to [the plaintiff] . . . and draw[s] all reasonable inferences from the facts in favor of [the plaintiff]."[19] "Rather than adjudging whether a claim is 'improbable,' 'factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'"[20] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[21]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[22] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"[23] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[17] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[18] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[20] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (citation modified).

[21] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[22] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citation modified).

suffice."[24] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[25] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[26] To comply with Rule 8,

> a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and . . . what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.[27]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[28] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend.'"[29]

---

[24] *Id.*

[25] *Twombly*, 550 U.S. at 555.

[26] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[27] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1307 (D. Utah 2018).

[28] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[29] *Kay,* 500 F.3d at 1217 (quoting *Curley,* 246 F.3d at 1281).

In analyzing Mr. Romero's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[30] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[31] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[32] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[33]

### ANALYSIS

For the reasons explained below: (I) Mr. Romero's complaint fails to state claims upon which relief can be granted, but instead of recommending dismissal of this case on that basis, the court provides Mr. Romero with an opportunity to amend his complaint; and (II) the court denies as moot Mr. Romero's motion for leave to amend his complaint. Each issue is addressed in turn.

---

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[31] *Id.*

[32] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[33] *Hall*, 935 F.2d at 1110 (citation modified).

I. **Mr. Romero's Complaint Fails to State Claims Upon Which Relief Can Be Granted, but Instead of Recommending Dismissal, the Court Provides Mr. Romero With an Opportunity to Amend His Complaint.**

Mr. Romero's complaint fails to state claims upon which relief can be granted for three reasons. First, Mr. Romero's complaint fails to satisfy the minimum pleading standards under Rule 8 with respect to all his claims because it engages in the impermissible practice of group pleading. "The United States Court of Appeals for the Tenth Circuit has oft criticized this practice where a complaint uses 'defendants' as a collective term and fails to distinguish as to what acts are attributable to whom."[34] As demonstrated by the background recited above, Mr. Romero engages in that practice throughout his complaint by referring to Defendants' actions collectively instead of identifying their individual actions. Consequently, Mr. Romero's complaint fails to meet the minimum pleading standards of Rule 8 and, therefore, fails to state claims upon which relief can be granted.

Second, Mr. Romero fails to state a plausible claim for fraud because he neither pleads that claim with particularity as required by Fed. R. Civ. P. 9(b) nor alleges all the elements of fraud under Utah law. To properly allege fraud, Mr. Romero "must state with particularity the circumstances constituting fraud."[35] The Utah Supreme Court has set forth the following elements for a fraud claim under Utah law:

> (1) That a representation was made;
>
> (2) concerning a presently existing material fact;

---

[34] *Miller v. Safe Home Sec., Inc.*, No. 2:25-CV-00172-JNP-JCB, 2026 WL 739073, at *2 (D. Utah Feb. 3, 2026) (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)), *report and recommendation adopted,* No. 2:25-CV-00172-JNP-JCB, 2026 WL 735519 (D. Utah Mar. 16, 2026).

[35] Fed. R. Civ. P. 9(b).

(3) which was false;

(4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he or she had insufficient knowledge upon which to base such representation;

(5) for the purpose of inducing the other party to act upon it;

(6) that the other party, acting reasonably and in ignorance of its falsity;

(7) did in fact rely on it;

(8) and was thereby induced to act;

(9) to his or her injury and damage.[36]

As stated above, Mr. Romero's fraud claim alleges: (1) "Defendants knowingly misrepresented the legitimacy of the load and payment"; (2) "[he] reasonably relied on these false representations to his detriment"; (3) "Defendants issued a fake wire transfer, a clear act of fraud"; and (4) "[he] and many other carriers were defrauded by the same scheme."[37] Those conclusory allegations are insufficient to satisfy the particularity requirements of Rule 9(b).[38] Additionally, those allegations fail to state all the elements of fraud set forth above. Therefore, Mr. Romero fails to state a plausible claim for fraud.

Finally, Mr. Romero's allegations supporting his claim for intentional infliction of emotional distress fall well short of satisfying the first element for such a claim under Utah law.

---

[36] *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 800 (Utah 1991) (citation modified).

[37] ECF No. 1 at 4.

[38] *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (concluding that dismissal of the plaintiff's complaint was proper "because his vague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of [Rule] 9(b)").

8

To state a claim for intentional infliction of emotional distress under Utah law, a plaintiff must plausibly allege that: (1) the defendant's conduct was outrageous and intolerable to the point that it offended generally accepted standards of decency and morality; (2) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (3) the plaintiff suffered emotional distress; and (4) the defendant's conduct proximately caused the emotional distress.[39] Under the first element,

> [t]o be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair. Conduct is not necessarily outrageous merely because it is tortious, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal. The liability for intentional infliction of emotional distress clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.[40]

In support of the first element of his claim, Mr. Romero alleges only that "Defendants' conduct was extreme, intentional, and outrageous."[41] That conclusory allegation fails to come close to plausibly alleging the first element of a claim for intentional infliction of emotional distress. Further, the court is not required to accept Mr. Romero's conclusory allegation under a Rule 12(b)(6) analysis.[42] Therefore, Mr. Romero fails to state a plausible claim for intentional infliction of emotional distress.

---

[39] *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 37, 56 P.3d 524, 535.

[40] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 64, 70 P.3d 17, 32 (citation modified).

[41] ECF No. 1 at 5.

[42] *Khalik*, 671 F.3d at 1191 ("[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable.").

Although Mr. Romero's complaint fails to state claims upon which relief can be granted, he might be able to make sufficient factual allegations to save his claims from dismissal. Therefore, rather than recommending dismissal of this case, the court provides Mr. Romero with the opportunity to amend his complaint. Mr. Romero may file an amended complaint on or before August 27, 2026. Mr. Romero's failure to file an amended complaint by that deadline will result in the court recommending dismissal of this case for the reasons outlined above.

**II.     The Court Denies as Moot Mr. Romero's Motion for Leave to Amend His Complaint.**

Because the court is permitting Mr. Romero to file an amended complaint, he is free to make any necessary amendments in that amended complaint. Therefore, the court denies as moot his motion for leave to amend his complaint.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1.     Mr. Romero's motion to proceed in forma pauperis[43] is TEMPORARILY GRANTED.

2.     On or before August 27, 2026, Mr. Romero may file an amended complaint.

3.     Mr. Romero's failure to file an amended complaint by that deadline will result in the court recommending dismissal of this case for the reasons outlined above.

4.     If Mr. Romero files an amended complaint, the court will review the sufficiency of the amended complaint under the IFP Statute and DUCivR 3-2(b).

---

[43] ECF No. 2.

5.  Although Mr. Romero is permitted to file an amended complaint, the restriction on filing motions or other documents set forth in the court's prior order[44] remains in place.

6.  Mr. Romero's motion for leave to amend his complaint[45] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 6th day of August 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[44] ECF No. 4.

[45] ECF No. 10.